**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SARAH E. FRISSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 25-cv-1189-SMY |
| | ) |
| GEODIS LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Now before the Court is Defendant's Motion for Judgment on the Pleadings or to Stay Discovery (Doc. 21), in which Defendant seeks an order dismissing Count III of Plaintiff's Complaint. For the following reasons, Defendant's motion is **GRANTED**.

### Discussion

Plaintiff Sarah E. Frisse, a former employee of Defendant Geodis Logistics, initiated this lawsuit in the Third Judicial Circuit Court of Illinois on April 25, 2025, asserting claims for violation of the Illinois Whistleblower Act, retaliatory discharge/wrongful termination in violation of public policy, and violations of the Illinois Human Rights Act ("IHRA"). Defendant timely removed the case to this court on June 5, 2025 (Doc. 1).

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) may be brought after the complaint and answer have been filed. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Rule 12(c) motions are reviewed under the same standard as motions to dismiss for failure to state a claim under Rule 12(b)(6). *Wolf v. Riverport Ins. Co.*, 132 F.4th 515, 518 (7th Cir. 2025). In reviewing a Rule 12(c) motion, a court may consider the pleadings, any attached exhibits, and matters of public record not subject to

reasonable dispute. *South Branch LLC v. Commonwealth Edison Co.*, 46 F.4th 646, 648 (7th Cir. 2022).

Before suit may be brought under the IHRA, potential plaintiffs must file a charge with either the Illinois Department of Human Rights ("IDHR") or the U.S. Equal Employment Opportunity Commission ("EEOC") within two years of any alleged civil rights violation. 775 ILCS 5/7A-102. Only upon receiving notice of right to sue (or, alternatively, if the IDHR fails to issue a report within 365 days) may a complainant commence a civil action for violations of the IHRA. *Id.* No suit may be brought under the Act unless these procedural requirements are satisfied. 775 ILCS 5/8-111(D) ("[N]o court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); *see also Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 640 (7th Cir. 2004).

Here, Defendant argues Plaintiff's IHRA claims should be dismissed for failure to exhaust administrative remedies because Plaintiff did not file a charge with the IDHR before suing in state court. The administrative charge attached to Plaintiff's response is dated October 10, 2025, approximately five months after this lawsuit was filed (Doc 24-7). However, Plaintiff argues that failure to exhaust administrative remedies is a non-jurisdictional affirmative defense in federal court, citing *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003). In the alternative, Plaintiff argues that because she has since filed a discrimination charge with the IDHR, she should be allowed to cure her Complaint by filing a right to sue letter once one is issued, citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991).

Plaintiff's arguments are unavailing. Each of the cases cited by Plaintiff involve Title VII claims, not claims brought pursuant to the IHRA. Although both apply the same substantive analytical standards, the procedural requirements of the two laws are not interchangeable. *See Cora*

*v. Tootsie Roll Indus.*, LLC, 2024 U.S. Dist. LEXIS 57785, at \*26 (N.D. Ill. Mar. 29, 2024) ("The IHRA's exhaustion requirement for state-law claims brought under the act is distinct from the exhaustion requirement imposed by Title VII.")  Thus, the cases cited by Plaintiff do not apply to this case.  Moreover, Plaintiff would be in the same position whether exhaustion of administrative remedies was a jurisdictional requirement under the IHRA or an affirmative defense that must be established by the defendant.  If Plaintiff was required to plead exhaustion to establish subject-matter jurisdiction, it is clear from the face of her Complaint she failed to do so.  If, instead, exhaustion is an affirmative defense, Defendant timely raised the defense in its Answer (Doc. 14 at 9), and Plaintiff has conceded to the elements of the defense by acknowledging that the IDHR proceedings are ongoing and no right to sue letter has been issued.

Plaintiff suggests the 365-day period after which a civil action may be commenced in the absence of a right to sue letter may have already passed because she filed her "IDHR Complaint" on April 9, 2025.  However, the exhibit Plaintiff refers to is a complainant information sheet ("CIS") that states in boldface type "THIS IS NOT A FORMAL CHARGE" (Doc. 24-6).  Proceedings under the IHRA do not begin until a *charge* is filed.  *See Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016) ("[A] CIS is just a pre-charge screening form, which does not prompt IDHR to notify the employer, launch an investigation, or sponsor mediation between the parties—filing a charge form does.")

Finally, Plaintiff argues Defendant's position would impose an unfair "gotcha" rule wherein a plaintiff would have to file a charge with the IDHR before filing suit in court or else face dismissal (Doc 24 at 7-8).  This is not a "gotcha" rule – it is the law.  *See* 775 ILCS 5/8-111(D).

## Conclusion

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (Doc. 21) is

**GRANTED**.  Count III of Plaintiff's Complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

**DATED:  June 3, 2026.**

**STACI M. YANDLE**
**Chief U.S. District Judge**